Mendelsohn vs. Blaise.

---

No. 13,171.

Sigmund Mendelsohn vs. Peter Blaise.

Syllabus.

In a rule taken by the sheriff upon the parties to an executory proceeding for the sale of mortgaged property, to show cause why a title should not be executed to the purchaser, no question relating to the respective rights of mortgage creditors on the proceeds of sale can be determined.

A PPEAL from the Civil District Court, Parish of Orleans. *Theard, J*

*William S. Benedict* for Sigmund Mendelsohn, Plaintiff in Cause and Appellee.

*Dinkelspiel & Hart* for Civil Sheriff, Plaintiff in Rule, Appellee.

*George W. Flynn* for John Fitzpatrick, Intervenor in Suit and Defendant in Rule, Appellant.

*Buck, Walshe & Buck* for Peter Blaise, Defendant in Rule, Appellant.

*Felix J. Dreyfous* for R. G. Martinez, Defendant in Rule, Appellee.

---

The opinion of the court was delivered by

WATKINS, J.   This is a proceeding taken by rule on the part of the Civil Sheriff upon the plaintiff, defendant and intervenors in this case, to compel them to show cause why a title should not be executed and delivered by him to the purchaser, conformably to the adjudication made at public auction under a writ of seizure and sale therein issued—John Fitzpatrick and the defendant, Peter Blaise being the intervenors.

The averment in the rule is, that the plaintiff made a sale at public auction of the mortgaged property to Mrs. Anna Hollander, for the price and sum of twenty-four hundred dollars; and that the said purchaser has complied with the adjudication by paying the price, and has demanded a proper deed to be executed and delivered to her.

Neither of the defendants in rule made any answer, though they appeared by counsel at the trial and resisted its being made absolute.

The record shows that during the trial it was admitted by all parties that the property was sold, as set forth in the rule, on March 24, 1899, and adjudicated to Mrs. Hollander for twenty-four hundred dollars, and that she paid the price to the sheriff.

All of the executory proceedings were introduced and filed in evidence by reference only—same forming no part of the transcript. Counsel for the plaintiff in rule called the attorney for John Fitzpatrick, intervenor, as a witness, and we extract the following from his testimony:

"Q.—Mr. Flynn, did you not instruct or notify the sheriff that he might make the sale of this property, notwithstanding the appeal taken by you on the 20th of January, 1899?"

Counsel for the defendant objected, that the defendant can not be bound by any such agreement, if made, and also, that it was not competent for counsel to waive his client's rights; and counsel for the intervenor objected to parol proof to contradict what should have been in writing.

These objections were overruled by the court, but no bill of exception was reserved by either defendant or intervenors; and, thereupon, the witness made the following answer, to-wit:

"A.—I told the sheriff that I had a talk with Mr. Benedict (counsel for the plaintiff in execution), and didn't think I would raise any objection to the sale of the property, as I thought that our' rights would be as well preserved under the proceeds of sale."

In suit of same title, No. 13,234, on the docket of this court, an agreement was made and entered into by all parties, that it should be fixed for trial this day, and that the two cases should' be taken up and tried together, as it (No. 13,234) presents the identical issues as are presented in the instant case, No. 13,171.

Upon that agreement we are justified in considering the evidence in that case as strictly applicable to this; and we make therefrom the following extract from the testimony of the witness above referred to:

"Q.—Mr. Flynn, you are the attorney of John Fitzpatrick in the case of Sigmund Mendelsohn vs. Peter Blaise * * * ?

"A.—Yes, sir.

"Q.—And on his behalf you filed a motion for appeal on the 19th of January, 1899?

"A.—That is correct.

"Q.—Did you at that time, or subsequently, state to the sheriff that he might go on and sell the property in his hands?"

To this question and the answer sought, counsel for the defendant and intervenor, Peter Blaise, objected, on the ground that it was an agreement between the parties in relation to a matter pending before the court, which can not be proved by parol testimony; and this objection was overruled by the court, and a bill of exceptions reserved.

In our opinion the district judge properly received the evidence.

The statement of the witness, as counsel for the intervenor, was a matter *en pais,* and only susceptible of being established by parol proof. We know of no rule of law requiring such a statement, or consent to be reduced to writing. The objection having been overruled, the witness made the following statement:

"A.—I will state that the sheriff advertised the property without consulting me at all; and he asked me about it, and I told him I would consult Mr. Buck; that so far as I was concerned I had no objection. That is what I told the sheriff. I never instructed him.

"Q.—After that rule (for contempt) had been taken what did you tell the sheriff?

"A.—It was then the sheriff asked me about the advertisement. As near as I can remember, he told me that Mr. Benedict had had a talk

with him, and I told him I also had a talk with Mr. Benedict; and so far as I was concerned, I had no objection, I thought we could come to an agreement; that I would consult with Mr. Buck."

From what we gather from the record, it appears, that the plaintiff, Mendelsohn, obtained executory process for the enforcement of a mortgage against the property of defendant, Peter Blaise. That John Fitzpatrick filed a third opposition, claiming that plaintiff's mortgage was a mere simulation, and not real; and for that reason could not be enforced; that he, at the same time, alleged, that he had a mortgage upon the property, which entitled him to be paid from the proceeds of the sale, the amount of his claim against the defendant.

It, also, appears that Peter Blaise likewise opposed the enforcement of the plaintiff's mortgage, and for a similar reason. John Fitzpatrick coupled with his third opposition a writ of injunction, restraining the sale of the mortgaged property. On the trial, there was a judgment rejecting the demands of the intervenors, and sending the property to sale; and therefrom the intervenor, Fitzpatrick, prosecuted what he claimed to be a suspensive appeal; and the defendant and third opponent, Peter Blaise, prosecuted, only, a devolutive appeal.

The contention of the seizing creditor, Mendelsohn, was that the appeal of John Fitzpatrick, third opponent, was taken too late, and did not operate as a suspensive appeal, and that he was entitled to proceed with the execution of his writ of seizure and sale.

It is to this condition of affairs that the testimony of the attorney of Fitzpatrick, third opponent, relates; and we entertain the opinion that he thereby plainly waived his right to insist upon his injunction against the sale being made.

Entertaining this view, there is no course open to us but to affirm the judgment appealed from. But, in so doing, we do not find it necessary—or even possible—to pass upon the respective rights of the two contending mortgage creditors. We will, therefore, leave them in *statu quo,* to be determined when that part of the controversy is properly before us. Neither party will be injured by this course being taken, as both parties can exercise their rights upon the proceeds of sale, as well as they could against the property.

Judgment affirmed.